1

2

**JENNY L. FOLEY, Ph.D., ESQ.**
Nevada Bar No. 9017
E-mail: jfoley@hkm.com
**HKM EMPLOYMENT ATTORNEYS LLP**
101 Convention Center Dr., Suite 600
Las Vegas, Nevada 89109
Tel: (702) 805-8340
Fax: (702) 805-8340
*Attorneys for Plaintiff*

3

4

5

6

7

8

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

9

10

11

12

13

14

15

16

BRITTANY HILL, an Individual,

                Plaintiff,

vs.

NEVADA RESTAURANT SERVICES, INC., a Domestic Corporation, DOES I -X; ROE CORPORATIONS I -X.

             Defendants.

CASE NO.:

**COMPLAINT AND JURY DEMAND**

17

18

19

20

      The Plaintiff BRITTANY HILL ("**Ms. Hill**" or "**Plaintiff**") by and through her attorneys, Jenny L. Foley, Ph.D., Esq. of HKM Employment Attorneys LLP, hereby complains and alleges as follows:

21

### JURISDICTION

22

23

24

25

26

27

      1.     This is an action for damages brought by Plaintiff for discrimination and retaliation under the Americans with Disabilities Act ("**ADA**") of 1990, 42 U.S.C. § 12101 *et. seq.*; for retaliation under the Family and Medical Leave Act of 1993 ("**FMLA**"), 29 U.S.C. § 2601, *et seq.*; for violation of Fair Labor Standards Act ("**FLSA**"), 29 U.S.C. § 207 *et seq.*; for violation of Nevada Revised Statute § 613.330 *et seq.*; and for certain claims brought pursuant to the Nevada Revised Statutes as outlined below.

28

      2.     This Court has primary jurisdiction over claims set forth herein pursuant to 28

1   U.S.C. § 1331 (federal question), 28 U.S.C. §1343(a) (4) (civil rights action) and 42 U.S.C. §

2   2000e-5(f)(3) (unlawful discrimination and retaliation in employment). Additionally, this Court

3   has supplemental jurisdiction over any state law claims pled herein pursuant to 28 U.S.C. §

4   1367.

5       3.      All material allegations contained in this Complaint are believed to have

6   occurred in Clark County, Nevada. Therefore, venue properly lies in the southern division of

7   the United States Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b)(2).

8                    **EXHAUSTION OF ADMINISTRATIVE REMEDY**

9       4.      On or about June 19, 2020, Plaintiff initiated the process of filing a Charge of

10  Discrimination against her employer, the Defendant named in this action, with the Nevada

11  Equal Rights Commission ("**NERC**") wherein she alleged discrimination based on disability

12  and retaliation.

13      5.      On or about February 15, 2022, Plaintiff received her Notice of Right to Sue

14  from the U.S. Equal Employment Opportunity Commission ("**EEOC**").

15      6.      This action is timely filed pursuant to 42 U.S.C. § 2000e-5(f).

16      7.      Plaintiff has exhausted her administrative remedy on all claims pled hereunder

17  prior to filing this action with this Court.

18                            **GENERAL ALLEGATIONS**

19      8.      Plaintiff incorporates all of the allegations in the preceding paragraphs as though

20  fully set forth herein.

21      9.      Plaintiff is a United States citizen and is a current resident of Clark County,

22  Nevada, and has been at all times relevant herein.

23      10.     Defendant NEVADA RESTAURANT SERVICES, INC. ("**NRSI**" or

24  "**Defendant**") is a domestic corporation which conducts business in Clark County, Nevada, as

25  it owns and operates many bars and provides services in Clark County.

26      11.     Plaintiff has been diagnosed with Multiple Sclerosis which is a disability that

27  substantially limits one or more life activity.

28      12.     On or about October 22, 2018, Plaintiff began working for Defendant as a

1    bartender at Bourbon Street.

2           13.    Plaintiff was an hourly employee.

3           14.    Upon information and belief, Plaintiff worked, on average, two (2) to six (6)

4    hours of overtime per week.

5           15.    Plaintiff was never compensated for the overtime hours that she worked.

6           16.    In February of 2019, Plaintiff witnessed a shooting at her workplace in the

7    parking lot.

8           17.    Although deeply traumatized by this incident, Defendant did not offer her any

9    time off or counseling, and it failed to notify her of her right to seek treatment through Worker's

10   Compensation.

11          18.    Plaintiff notified Defendant that she wished to transfer to a different location

12   because she no longer felt safe after witnessing the shooting.

13          19.    However, upon information and belief, Defendant advised Plaintiff that she

14   could not transfer and would have to wait ninety (90) days before she could bid on a transfer.

15          20.    Further, Defendant, upon information and belief, advised Plaintiff that on-site

16   security would soon be present at her workplace.

17          21.    When on-site security commenced, the officers employed by Defendant

18   immediately began a campaign of sexual harassment against Plaintiff.

19          22.    Upon information and belief, the officers consistently made inappropriate sexual

20   remarks to Plaintiff.

21          23.    Additionally, Plaintiff was, upon information and belief, subjected to repeated

22   unwanted sexual advances by the officers.

23          24.    The officers, upon information and belief, made repeated declarations that they

24   could have anyone fired and warned that they were responsible for investigating any

25   "complaints" against the bartenders.

26          25.    Plaintiff again requested a transfer in May of 2019 because, upon information

27   and belief, she was uncomfortable with the security officers' sexual harassment and

28   intimidation, as well as the lingering trauma from the shooting.

26.     Defendant, again, denied Plaintiff's request for a transfer.

27.     Then in June of 2019, Plaintiff requested time off from Sonja Hayward ("**Ms. Hayward**"), Manager, so that she could receive medical treatment and undergo steroid treatment for her Multiple Sclerosis.

28.     Plaintiff advised Ms. Hayward that the steroid treatment that she needed would require her to be hospitalized for three (3) days.

29.     Upon information and belief, Ms. Hayward advised Plaintiff that she would discuss her request with Stan Pazalov ("**Mr. Pazalov**"), General Manager, and let her know if her request was approved.

30.     The day after this conversation, Plaintiff received a call from the Human Resources Department.

31.     The Human Resources Department, upon information and belief, told Plaintiff that someone reported she had back problems and she needed back injections, which was inaccurate.

32.     Ultimately, Defendant denied Plaintiff's request for time off.

33.     Shortly thereafter, on or around June 24, 2019, Plaintiff was admitted to the hospital for treatment for her Multiple Sclerosis.

34.     On the date that Plaintiff was admitted to the hospital, she was not scheduled to work.

35.     However, a mandatory meeting was scheduled to take place on this date.

36.     Accordingly, Plaintiff called her manager as well as Defendant's Human Resources Department to let them know that she was in the hospital.

37.     Defendant, upon information and belief, advised Plaintiff that she could miss the meeting and reminded her to bring a work release from her doctor to the Human Resources Department.

38.     While Defendant was speaking with Plaintiff, upon information and belief, Plaintiff elaborated that she had Multiple Sclerosis and needed intravenous steroids to treat it.

39.     Plaintiff then advised Defendant, upon information and belief, that neither her

1   medical condition nor her treatment would affect her job performance.

2       40.     After Plaintiff received the treatment that she required, she was released and

3   provided with a work excuse from her doctor.

4       41.     Though the work excuse indicated that Plaintiff could return to work on June 26,

5   2019, when she tried to return to work, she quickly discovered that she needed more time to

6   recover.

7       42.     While Plaintiff was off from work and recovering, Defendant repeatedly

8   contacted her regarding her insurance options as well as benefits available to her under the

9   Americans with Disabilities Act and the Family and Medical Leave Act ("**FMLA**").

10      43.     After Plaintiff had fully recovered, she returned to work in July of 2019.

11      44.     Upon her return, Plaintiff learned, to her embarrassment, that her medical

12  condition had been disclosed to several of her co-workers, the security officers, and many

13  regular customers.

14      45.     Additionally, upon information and belief, while Plaintiff was working her shift,

15  Human Resources called her to ask if she was planning on applying for and using FMLA

16  benefits after she had worked for the company for an entire year.

17      46.     Plaintiff replied, upon information and belief, that she did plan to apply for

18  FMLA benefits as it would ensure that she had extra protections for her job.

19      47.     Human Resources, upon information and belief, then told Plaintiff that she

20  would qualify as soon as she had been employed by the company for one (1) year and ended

21  the conversation.

22      48.     Then, on or around July 27, 2019, Plaintiff was encouraged to apply for an

23  assistant manager position.

24      49.     However, the next day, on or around July 28, 2019, Plaintiff was called by Mr.

25  Pazalov.

26      50.     Upon information and belief, Mr. Pazalov asked Plaintiff if she had served any

27  of the security officers working in the parking lot alcohol.

28      51.     Plaintiff advised Mr. Pazalov that she did not serve any of the security officers

1    alcohol and that she would never do anything to jeopardize her job.

2          52.    Mr. Pazalov then advised Plaintiff, upon information and belief, that she was

3    suspended and that Defendant would conduct an investigation.

4          53.    Then, on or around August 1, 2019, Plaintiff was contacted by someone in the

5    Defendant's Human Resources Department who terminated her.

6          54.    According to Defendant, the reason that Plaintiff was terminated was because

7    she had allegedly served alcohol to an on-duty security officer.

8          55.    However, the individual whom Plaintiff had allegedly served alcohol to was,

9    upon information and belief, twenty (20) years sober.

10         56.    Defendant informed Plaintiff that it had video evidence of her serving alcohol to

11   the on-duty security officer.

12         57.    However, despite Plaintiff's repeated requests to view this video evidence,

13   Defendant never showed her the video.

14         58.    Plaintiff did not serve alcohol to this security officer.

15         59.    Further, upon information and belief, no video exists of her serving alcohol to

16   this or any other security officer.

17         60.    The reason that Defendant provided Plaintiff with is a fabrication.

18         61.    In fact, Plaintiff was really terminated because Defendant did not want to

19   continue to employee Plaintiff because of her disability and because Plaintiff planned to apply

20   for FMLA benefits when she was eligible.

21         62.    Upon information and belief, Defendant acted toward Plaintiff with an intent to

22   discriminate against her based on her disability.

23         63.    Defendant's improper termination of Plaintiff constitutes improper retaliation

24   after Defendant learned of her Multiple Sclerosis diagnosis after she used medical leave to

25   receive necessary medical treatment.

26         64.    Additionally, to date, Defendant has not paid Plaintiff the outstanding amounts

27   of overtime pay that she accrued weekly.

28   / / /

1

## FIRST CAUSE OF ACTION

2

**(Discrimination Based on Disability in violation of State and Federal Statutes)**

3        65.     Plaintiff incorporates all of the allegations in the preceding paragraphs as though

4    fully set forth herein.

5        66.     Plaintiff is a member of the class of persons protected by state and federal

6    statutes prohibiting discrimination based on disability or a combination thereof.

7        67.     At all relevant times, Plaintiff had a qualifying disability: Multiple Sclerosis.

8        68.     Defendant as an employer is subject to Nevada and federal statutes prohibiting

9    discrimination, NRS 613.330 *et. seq.*, Americans with Disabilities Act, 42 U.S.C. § 12101 *et.*

10   *seq.*, and thus, has a legal obligation to provide Plaintiff with a work environment free from

11   discrimination and harassment.

12       69.     Defendant refused to take reasonably adequate steps to prevent discrimination

13   against Plaintiff by knowingly taking adverse employment actions against Plaintiff because of

14   her disability.

15       70.     When Plaintiff was required to take time off because she had been admitted to

16   the hospital, Defendant, upon information and belief, advised her co-workers of her situation.

17       71.     This is evidenced by the fact that Plaintiff received numerous text messages from

18   her co-workers who told her that, upon information and belief, they had heard about her

19   condition and that they hoped she recovered soon.

20       72.     Further, when Plaintiff returned to her job, upon information and belief, she

21   learned that her condition had been disclosed to multiple co-workers as well as regular

22   customers.

23       73.     Ultimately, Defendant terminated Plaintiff shortly after she had returned to work

24   after recovering from the medical procedures that she had undergone.

25       74.     No other similarly situated persons, not of Plaintiff's protected class were

26   subject to the same or substantially similar conduct.

27       75.     Plaintiff suffered adverse economic impact due to Defendant's discriminatory

28   behavior and termination.

76.     Plaintiff was embarrassed, humiliated, angered and discouraged by the discriminatory actions taken against her.

77.     Plaintiff suffered compensable emotional and physical harm, including but not limited to, headaches, sleeplessness, anxiety and depression resulting from this unlawful discrimination by her employer.

78.     Plaintiff is entitled to be fully compensated for her emotional disturbance by being forced to endure this discrimination.

79.     Pursuant to the Americans with Disabilities Act, Plaintiff is entitled to recover punitive damages for Defendant's intentional repeated violations of federal and state civil rights laws.

80.     Plaintiff suffered damages in an amount deemed sufficient by the jury.

81.     Plaintiff is entitled to an award of reasonable attorney's fees.

82.     Defendant is guilty of oppression, fraud or malice, express or implied as Defendant knowingly and intentionally discriminated against Plaintiff because of her disability.

83.     Therefore, Plaintiff is entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing the Defendant in an amount deemed sufficient by the jury.

## SECOND CAUSE OF ACTION

**(Retaliation under Federal Law, 42 U.S.C. §12101 *et. seq.* and State Law, NRS 613.340)**

84.     Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

85.     In violation of 42 U.S.C. § 12101 *et. seq.*, Defendant retaliated against Plaintiff after she took time off to receive medical treatment for her condition.

86.     In violation of NRS 613.340 Defendant retaliated against Plaintiff after she took time off to receive medical treatment for her condition.

87.     Defendant retaliated against Plaintiff by accusing her of serving alcohol to security officers right after she returned from recovering from necessary medical care.

88.     Defendant then retaliated against her by ultimately terminating her employment.

89.     There may be more detrimental acts of which Plaintiff is unaware which may also constitute retaliation in that it harmed Plaintiff.

90.     The actions and conduct by Defendant constitute illegal retaliation which is prohibited by federal and state statutes.

91.     Plaintiff suffered damages in an amount deemed sufficient by the jury.

92.     Plaintiff is entitled to an award of reasonable attorney's fees.

93.     Defendant is guilty of oppression, fraud, or malice, express or implied, because Defendant knowingly and intentionally retaliated against Plaintiff after she took time off to receive treatment for her Multiple Sclerosis.

94.     Therefore, Plaintiff is entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing the Defendant in an amount deemed sufficient by the jury.

**THIRD CAUSE OF ACTION**

**(Retaliation in Violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601,**
***et seq.*)**

95.     Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

96.     Defendant operates in interstate commerce and has over 50 employees within a 75-mile radius of the location where Plaintiff was employed. Defendant is therefore "covered employer(s)," as defined as 29 U.S.C. § 2611(4) under the FMLA.

97.     Plaintiff availed herself of a protected right under the FMLA by advising Defendant that she planned to utilize FMLA benefits for her serious health condition.

98.     After Plaintiff advised Defendant that she planned to utilize FMLA benefits, Defendant terminated her employment.

99.     As a result of Defendant's actions, Plaintiff has been deprived of her customary earnings, commissions, bonuses, and/or other employment related benefits,

100.     Defendant's violations of the FMLA were willful and without justification.

101.     Defendant's above-described conduct and violations of the FMLA were done with malice, oppression, and with a conscious disregard for Plaintiff's rights under the FMLA.

102.     Plaintiff is entitled to damages equal to her lost wages, salary, employment benefits and other compensation denied or lost, liquidated damages as provided under the FMLA, costs, attorneys' fees, interest, and equitable relief as deemed appropriate.

## FOURTH CAUSE OF ACTION

**(Failure to Properly Pay Overtime Wages in Violation of the FLSA, 29 U.S.C. § 207 *et seq.*)**

103.   Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

104.   29 U.S.C. Section 207(a)(1) provides as follows: "Except as otherwise provided in the section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

105.   By knowingly and willfully failing to compensate Plaintiff for the time spent working overtime, Defendant failed to pay Plaintiff for all hours worked.

106.   There is a three-year statute of limitations for willful violations under the FLSA.

107.   Wherefore, Plaintiff demands that Defendant pay Plaintiff one- and one-half times her regular hourly rate of pay for all hours worked in excess of forty (40) hours a week during the relevant time period together with liquidated damages, attorneys' fees, costs, and interest as provided by law.

**FIFTH CAUSE OF ACTION**

**(Failure to Properly Pay Overtime Wages in Violation of NRS 608.140 and 608.018)**

108.    Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

/ / /

109.    NRS 608.140 provides that an employee has a private right of action for unpaid wages.

110.    NRS 608.018(1) provides as follows:

> An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate less than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250 works: (a) More than 40 hours in any scheduled week of work; or (b) More than 8 hours in any workday unless by mutual agreement the employee works a scheduled 10 hours per day for 4 calendar days within any scheduled week of work.

111.    NRS 608.018(2) provides as follows:

> An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate not less than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250 works more than 40 hours in any scheduled week of work.

112.    By failing to properly compensate Plaintiff for the time spent working after regular hours, Defendant failed to properly pay Plaintiff daily overtime premium pay for all hours worked over eight (8) hours in a workday and a weekly premium overtime rate of pay of time and one half their regular rate for working in excess of forty (40) hours in a week in violation of NRS 608.140 and 608.018.

113.    Wherefore, Plaintiff demands payment by Defendant at one- and one-half times her "regular rate" of pay for all hours worked in excess of eight (8) hours in a workday together with attorneys' fees, costs, and interest as provided by law.

**SIXTH CAUSE OF ACTION**

**(Intentional/Negligent Infliction of Emotional Distress)**

114.     Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

115.     Defendant's conduct toward Plaintiff was extreme and outrageous and caused significant emotional harm, headaches, sleeplessness and various physical and mental distress.

116.     Defendant's conduct was extreme, outrageous, and undertaken with either intent or reckless disregard for causing Plaintiff emotional distress.

117.     Defendant had a duty to refrain from engaging in discriminatory, hostile and retaliatory acts as described above.

118.     Defendant breached that duty.

119.     Defendant's intentional or negligent conduct was the legal, actual, proximate cause of Plaintiff's extreme and/or severe emotional distress by engaging in the conduct described herein.

120.     Defendants must pay damages in an amount to be determined at trial but exceeding $25,000 for emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life because they engaged in illegal actions.

121.     Because Defendant is guilty of oppression, fraud, or malice, express or implied, Defendant must pay Plaintiff an additional amount for the sake of example and by way of punishment.

122.     Plaintiff has had to obtain the services of an attorney to protect her rights and secure compensation for the damages incurred as a result of these violations and therefore, she is entitled to recover reasonable attorney's fees against Defendant.

**WHEREFORE,** Plaintiff prays this court for:

    a.  A jury trial on all appropriate claims;

Moreover, to enter judgment in favor of the Plaintiff by:

    b.  Awarding Plaintiff an amount sufficient to fully compensate her (including tax consequences) for all economic losses of any kind, and otherwise make her whole in accordance with the Americans with Disabilities Act, the Family Medical Leave Act, and for certain claims brought pursuant to the Nevada Revised Statutes;

    c.  General damages;

    d.  Special damages;

    e.  An award of compensatory and punitive damages to be determined at trial;

    f.  For damages and for payment under federal law, Article 15, Section 16 of the Constitution of the State of Nevada, NRS 608.140 and NRS 608.018 for all hours worked but not paid properly

    g.  Liquidated damages in accordance with the FMLA;

    h.  For pre-judgment and post-judgment interest;

    i.  An award of attorney's fees and costs; and

    j.  Any other relief the court deems just and proper.

Dated this 13th Day of May, 2022.

                            **HKM EMPLOYMENT ATTORNEYS, LLP**

                            *___/s/ Jenny L. Foley_____*

                            **JENNY L. FOLEY, Ph.D., Esq.**
                            Nevada Bar No. 9017
                            101 Convention Center Dr., Suite 600
                            Las Vegas, Nevada 89109
                            Tel: (702) 805-8340
                            Fax: (702) 805-8340
                            E-mail: jfoley@hkm.com
                            *Attorneys for Plaintiff*